# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAINET MELISA BAUTISTA VILLANUEVA, <br><br> *Petitioner*, <br><br> v. <br><br> PAMELA JO BONDI, *et al.*, <br><br> *Respondents*. | Case No. 25-cv-4152-ABA |

## MEMORANDUM OPINION AND ORDER

Petitioner Lainet Melisa Bautista Villanueva alleges that in 2023 she "fled to the United States seeking protection after suffering brutal and targeted violence in Peru." ECF No. 1 ¶ 1. She entered the United States, was placed in removal proceedings, sought protection from removal (asylum, withholding of removal, and protection under the Convention Against Torture), and was released under an order of supervised release. *Id.* ¶¶ 2–3. On December 14, 2025, after she complied with a direction to check in at the Baltimore ICE office, ICE took her into custody—not based on any allegation that she violated her conditions of supervised release, but rather "based upon . . . the pendency of ongoing removal proceedings." ECF No. 8-2.

Petitioner has filed this action challenging her detention. She contends that, because immigration authorities made a determination to release her back in 2023 after she arrived and because more than two years passed between then and when she was arrested in December 2025, her detention is not authorized under 8 U.S.C. § 1225. That statute provides for mandatory detention—without a bond hearing—in certain specified circumstances. Respondents have responded to the Petition and moved to dismiss (ECF No. 8), to which Petitioner has replied (ECF No. 9).

1

The Court agrees with Petitioner that she is not subject to mandatory detention under § 1225. She was not "arriving" at the time of her detention, and so § 1225(b)(1)(A)(i) does not apply. She has been present in the United States for more than two years, and so § 1225(b)(1)(A)(iii) does not apply.[1] And for the reasons set forth in numerous district court decisions in the past few months, § 1225(b)(2) does not apply to persons like Petitioner who were previously taken into custody and then released (such as under parole or supervised release). *See Afghan v. Noem*, No. 25-cv-4105-SAG, 2025 WL 3713732, at *1 (D. Md. Dec. 23, 2025) ("The primary issue in this case is one that has been considered in hundreds of federal courts over recent weeks—whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or is entitled to a hearing before an administrative judge to seek bond under 8 U.S.C. § 1226(a). The overwhelming majority of courts to have considered the issue have ruled that Petitioner (and similarly situated aliens who have been in this country for years) are in the latter category.") (citing cases); *see also, e.g.*, *Velasquez v. Noem*, No. 25-cv-3215-GLR, -- F. Supp. 3d ---, 2025 WL 3003684, at *4–7 (D. Md. Oct. 27, 2025); *Maldonado de Leon v.*

---

[1] Respondents do not dispute that Petitioner has been present in the United States for more than two years. Under § 1225(b)(1)(A)(iii), a noncitizen must "affirmatively show[], to the satisfaction of an immigration officer, that [she] has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." Here, Respondents, by relying on § 1225(b)(2) as the basis for detention, did not permit Petitioner to attempt to make such a showing, which potentially precludes Respondents from disputing that point. But regardless, Respondents concede, as they must given the factual record, that more than two years elapsed. *See* ECF No. 8 at 3–4 (observing that Petitioner was served with a notice to appear on April 3, 2023 and a warrant was not issued for her arrest until December 15, 2025). (If Ms. Bautista Villanueva had been *paroled* in 2023, then that would be another reason § 1225(b)(1)(A)(iii) would not apply, but because she is entitled to a bond hearing under § 1226 regardless, the Court need not decide whether supervised release is equivalent to "parole[]" within the meaning of § 1225(b)(1)(A)(iii).)

*Baker*, No. 25-cv-3084-TDC, 2025 WL 2968042, at *8 (D. Md. Oct. 21, 2025); *Guerrero Orellana v. Moniz*, No. 25-cv-12664-PBS, -- F. Supp. 3d ---, 2025 WL 2809996, at *5–9 (D. Mass. Oct. 3, 2025).

This conclusion is consistent with the decision in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *8–12 (C.D. Cal. Dec. 18, 2025), but this Court reaches its conclusion independently; regardless of Ms. Bautista Villanueva's membership in the *Maldonado Bautista* class, and regardless of the entry of the declaratory judgment in that case, Ms. Bautista Villanueva has shown that she is not subject to mandatory detention under § 1225.[2] Some courts have disagreed, and construed § 1225(b)(2) consistent with the BIA's interpretation in *Matter of Jonathan Javier Yajure Hurtado, Respondent*, 29 I. & N. Dec. 216 (BIA 2025). *See, e.g.*, *Rodriguez v. Jeffreys, et al.*, No. 8:25-cv-714, 2025 WL 3754411, at *11–14 (D. Neb. Dec. 29, 2025). Having reviewed the *Yajure Hurtado* decision, *Rodriguez*, and other decisions consistent with them, this Court is more persuaded by the apparent majority of the courts that have considered the government's expansive theory under § 1225(b)(2) and rejected it—and that have concluded that "*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), requires courts to exercise independent judgment in assessing whether agency reasoning is persuasive," and that likewise *Yajure Hurtado* is "is not entitled to *Skidmore* [*v. Swift & Co.*, 323 U.S. 134 (1944)] deference." *Afghan*, 2025 WL 3713732 at *2.

---

[2] Because Respondents detained Petitioner back in 2023 and then granted her supervised release, this case does not present the question of whether § 1225 would apply if December 2025 had been Ms. Bautista Villanueva's first encounter with immigration officials.

In short, Respondents may not lawfully detain Ms. Bautista Villanueva under 8 U.S.C. § 1225. That leaves the question of remedy: should the Court order her immediate release or give Respondents the opportunity to arrange for a bond hearing before an immigration judge under § 1226? Judge Kaplan of the U.S. District Court for the Southern District of New York recently articulated why the former may be most appropriate in circumstances like this: "Where respondents have offered no reason for why M.K's detention under [§ 1226] or any other statute would be lawful, the proper remedy is immediate release, not ordering a bond hearing. Ordering a bond hearing would fail to remedy the statutory violation that has occurred here." *M.K. v. Arteta*, No. 25-CV-9918 (LAK), 2025 WL 3720779, at *9 (S.D.N.Y. Dec. 23, 2025). The present record, however, does not indicate that the immigration judge to whom Ms. Bautista Villanueva's case is to be referred will fail to apply the correct legal standards for bond hearings under § 1226. Accordingly, the Court is persuaded that the appropriate remedy for Respondents' statutory violation is an order that Petitioner receive a bond hearing within 7 days of this order.

For these reasons, the Court hereby ORDERS as follows:

1. The Petition for Writ of Habeas Corpus is GRANTED IN PART and DENIED IN PART;
2. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225;
3. Respondents shall provide Petitioner a bond hearing under 8 U.S.C. § 1226 on or before **5:00 p.m. ET on Wednesday, January 21, 2026**;
4. If a bond hearing is not held by January 21, 2026, Respondents shall RELEASE Petitioner from custody by **12:00 p.m. ET on January 22,**

**2026**, and such release shall be subject to the same conditions that applied before Petitioner's December 14, 2025 arrest; and

5. The parties shall file a joint status report within 10 days of this Order.

Date:  January 14, 2026                    _____/s/_____
                                            Adam B. Abelson
                                            United States District Judge